```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

BENJAMIN KAMINECKI, DAVID
KAMINECKI, STACEY EDELMAN-         HON. JEROME B. SIMANDLE
KAMINECKI, and JOSHUA EDELMAN,
                                   Civil No. 04-1494 (JBS)
            Plaintiffs,

       v.                          **MEMORANDUM OPINION**

SCOTTSDALE INSURANCE COMPANY,
et al.,

            Defendants.

APPEARANCES:

W. Dana Venneman, Esq.
LAW OFFICES OF JAMES P. SAVIO
9220 Amherst Ave., 1st Floor
P.O. Box 3163
Margate, NJ 08402
     Attorney for Plaintiffs

George A. Prutting, Jr., Esq.
PRUTTING & LOMBARDI
701 South White Horse Pike
Audubon, NJ 08106
     Attorney for Defendant Scottsdale Insurance Company

William E. Haddoix, Jr., Esq.
LAW OFFICE OF THOMAS DEMPSTER, III
161 Gaither Drive
Suite 201
Mt. Laurel, NJ 08054
     Attorney for Defendant Martin, Trego & Vogdes

**SIMANDLE**, District Judge:

   This matter comes before the Court upon the motion by Defendant Scottsdale Insurance Company ("Scottsdale") for partial summary judgment, seeking dismissal of Plaintiffs' Complaint, Count II of Intervenor Plaintiff Sean Jackson's Complaint, and

all cross-claims against Scottsdale, with regard to the Commercial General Liability Policy CPS0332871 ("Policy") issued to the Strand Corporation (the "Strand") by Scottsdale. The issue presented is whether coverage extends to the injuries suffered by Jackson while working for the Strand. Because the language of the policy unambiguously excludes coverage for the sort of injury sustained, the motion will be granted.[1]

I.  BACKGROUND

The instant motion relates to the underlying dispute in <u>Jackson v. Kaminecki</u>, Civil No. 02-2405 (Simandle, J.), wherein Plaintiff, Sean Jackson, seeks damages for injuries sustained on August 16, 2000 while working within the scope of his employment for the Strand Corporation.[2] Jackson was at the time employed as an attendant on an amusement park ride called "Chaire Ride" (a/k/a "Monster Mash Haunted House Ride"), an adult roller coaster, when he fell between two moving cars, causing his leg to be severed.

On November 19, 2001, Jackson was approved to receive workers' compensation benefits for his injuries. Thereafter, on May 14, 2002, Jackson filed suit in this Court against Benjamin and David Kaminecki ("the Kamineckis") and others alleging,

---

[1] This motion is opposed only by Plaintiffs.

[2] Benjamin Kaminecki is sued in his official capacity as President of the Strand Corp. David Kaminecki is sued in his official capacity as owner of the amusement park ride, "Chaire Ride."

<u>inter</u> <u>alia</u>, claims of strict liability, intentional misconduct and negligence.  The Kamineckis requested their insurer, Scottsdale Insurance Co., to provide a defense for them in the <u>Jackson</u> case, but Scottsdale refused.  Scottsdale maintains that the insurance policy at issue excludes coverage for "bodily injury to an employee."  The relevant provision of CGL Policy CPS0332781 states:

2.   Exclusions

    This insurance does not apply to:

    e.   Employer's Liability

        "Bodily Injury" to:

        (1)  An "employee" of the insured arising out of and in the course of:

            (a)  Employment by the insured; or

            (b)  Performing duties related to the conduct of the insured's business . . . .

(Def. Ex. B.)  Moreover, the Policy further provides that the above exclusion applies "(1) Whether the insured may be liable as an employer or in any other capacity; and (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury."  (<u>Id.</u>)

On March 31, 2004, the Kamineckis filed the instant declaratory judgment action against Scottsdale seeking a declaration that Scottdale has a duty to defend the Kamineckis in the Jackson case. The instant motion for partial summary judgment was filed on October 18, 2004.[3] [Docket Item 19.]

## II. SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is appropriate when the materials of record "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).[4] The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 329-30 (3d Cir. 1995) (citation omitted).[5]

---

[3] On March 16, 2005 the motion was administratively terminated. The motion was restored to the docket on August 31, 2005.

[4] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Id.

[5] Of course, the moving party always bears the initial burden of showing that no genuine issue of material fact exists, regardless of which party ultimately would have the burden of persuasion at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

**III. DISCUSSION**

"An insurer's duty to defend an action against the insured is determined by whether the allegations set forth in the complainant's pleadings fall within the purview of the policy language." L.C.S. Inc. t/a D'Jais Bar, Inc. v. Lexington Ins. Co., 371 N.J. Super. 482 (2004) (citing Ohio Cas. Ins. Co. v. Flanagin, 44 N.J. 504, 512 (1965)). "It is the nature of the claim for damages, not the details of the accident or the ultimate outcome, which triggers the obligation to defend." L.C.S., 371 N.J. Super. at 490 (citing Flanagin, 44 N.J. at 512).

Here, the underlying complaint filed by Jackson alleges that on the date he was injured, Jackson was an employee of the Strand Corporation as a "scare person" on the Chaire Ride. (Compl. ¶ 16.) In that capacity, Jackson was responsible for "surpris[ing], scar[ing] and otherwise entertain[ing] patrons of the ride." (Id.) Specifically, the complaint alleges that Jackson "was specifically instructed to scare and entertain the riders by jumping between cars onto steel plates which covered the operating mechanism of the ride." (Id. ¶ 18.) It is undisputed that Jackson allegedly sustained the injuries complained of while performing those duties as an employee of Strand. (Pl. Rule 56.1 Statement ¶ 3.)

As Scottsdale correctly points out, the relevant policy language here unambiguously excludes coverage for "'[b]odily injury' to . . . [a]n 'employee' of the insured arising out of and in the course of . . . [e]mployment by the insured" or "'[b]odily injury' to . . . [a]n 'employee' of the insured arising out of and in the course of . . . [p]erforming duties related to the conduct of the insured's business . . . ." (Def. Ex. B.)  Moreover, the Court finds as a matter of law that Jackson was injured during the course and within the scope of his employment, thus triggering that exclusion.  Because, "[a]n insurance policy will be enforced as written when its terms are clear so that the expectations of the parties are fulfilled," L.C.S., 371 N.J. Super. at 491 (citing Kampf v. Franklin Life Ins. Co., 33 N.J. 36, 43 (1960)), the policy language here is dispositive of the Court's inquiry.  The motion for partial summary judgment by Scottsdale will be granted.

**IV. CONCLUSION**

For the reasons expressed above, the motion by Defendant Scottsdale Insurance Company for partial summary judgment, seeking dismissal of Plaintiffs' Complaint, Count II of Intervenor Plaintiff Sean Jackson's Complaint, and all cross-claims against Scottsdale, with regard to the Commercial General Liability Policy CPS0332871 issued to the Strand Corporation by Scottsdale, will be granted.

The accompanying Order will be entered.


September 12, 2005          **s/ Jerome B. Simandle**
Date                             JEROME B. SIMANDLE
                                 U.S. District Judge